Arman **GEVORGYAN**; Alina **Panosyan**, Petitioners,

v.

Eric H. **HOLDER, Jr.,** Attorney General, Respondent.

No. 05–72580.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 27, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument and therefore we deny Gevorgyan's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

**508**

Artem M. Sarian, Esq., Glendale, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Heather E. Gange, Esq., DOJ–U.S. Department of Justice Environmental & Natural Resources Div., Washington, DC, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Arman Gevorgyan and his wife, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir. 2006), and we deny the petition for review.

■ Substantial evidence supports the IJ's adverse credibility determination based on the discrepancies in Gevorgyan's account of his wife being hit by a car in his testimony and declaration and based on Gevorgyan's explanation for the discrepancy that created an additional inconsistency, i.e., that his wife was actually not hit by the car. *See Kaur v. Gonzales,* 418 F.3d 1061, 1065 (9th Cir.2005). Accordingly, Gevorgyan's asylum claim fails.

■ Because Gevorgyan failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Zehatye,* 453 F.3d at 1190.

■ Substantial evidence supports the IJ's determination that Gevorgyan failed to establish it is more likely than not he would be tortured if returned to Armenia. *See Arteaga v. Mukasey,* 511 F.3d 940, 948–49 (9th Cir.2007).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.